FOOD STORE EMPLOYEES UNION, LO-
CAL 347, AMALGAMATED MEAT
CUTTERS AND BUTCHER WORK-
MEN OF NORTH AMERICA, AFL-
CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

Davis Wholesale Co., Inc., Intervenor.

DAVIS WHOLESALE CO., Inc.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Food Store Employees Union, Local 347,
Amalgamated Meat Cutters and Butch-
er Workmen of North America, AFL-
CIO, Intervenor.

Nos. 21155, 21244, 21787–21789.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 9, 1968.

Decided April 22, 1969.

Mr. Albert Gore, Chicago, Ill., with
whom Mr. Mozart G. Ratner, Washing-
ton, D. C., was on the brief, for petition-
er in Nos. 21,155 and 21,244.

Mr. C. Robert Schaub, Huntington, W.
Va., for petitioner in Nos. 21,787, 21,788
and 21,789.

Mr. Allen Berk, Atty. National Labor
Relations Board, with whom Messrs. Ar-
nold Ordman, General Counsel, Dominick
L. Manoli, Associate General Counsel,
Marcel-Mallet Prevost, Asst. General
Counsel and Gary Green, Atty., National
Labor Relations Board, were on the brief,
for respondent.

Before BAZELON, Chief Judge, FAHY,
Senior Circuit Judge, and BURGER, Cir-
cuit Judge.

BURGER, Circuit Judge:

This appeal consists of applications for
review and enforcement of separate Deci-
sions and Orders of the National Labor
Relations Board arising from events
which transpired at Respondent's Hunt-
ington and Charlestown, West Virginia,
plants. Essentially, the Board found 8
(a) (1) & (3) violations involving coer-

cive interrogation, threats, and discriminatory discharges and refusals of reinstatements; 8(a) (1) & (5) refusal to bargain violations were also found. 29 U.S.C. § 158(a) (1), (3) & (5) (1964). To remedy these violations, the Board ordered Respondent to cease and desist from these unfair labor practices, to otherwise cease interfering with its employees' Section 7 rights, 29 U.S.C. § 157 (1964), and to offer to reinstate all strikers but ten who were disqualified for reinstatement and back pay due to serious strike misconduct. Those strikers eligible for reinstatement were to receive back pay from the date that the Board found they made an unconditional offer to return to work. Finally, the Company was ordered to bargain on request with the Union.

On appeal, the Company challenges the substantiality of the evidence to support the findings of 8(a) (1), (3) & (5) violations, interposing, among other claims, a "good faith doubt" as a legitimate ground for its refusal to recognize the Union, notwithstanding the Union's proffer of authorization cards signed by a majority of Respondent's employees. The Company also insists that it justifiably refused to reinstate the strikers because none were entitled to reinstatement following the violent strike misconduct.

The Union seeks enforcement of the Board Orders with the additional request that the affirmative relief be modified so that the ten strikers who were denied reinstatement by the Board be reinstated despite their misconduct. In this regard, the Union asserts that the Board "failed to apply or has misapplied the *Thayer-Kohler* doctrine"[1] which requires that "the Board * * * consider both the seriousness of the employer's unlawful acts and the seriousness of the employees' misconduct in determining whether reinstatement would effectuate the policies

of the Act." Local 883, UAW v. NLRB (Kohler Co.), 112 U.S.App.D.C. 107, 110–111, 300 F.2d 699, 702–703 (1962), cert. denied, 370 U.S. 911, 82 S.Ct. 1258, 8 L. Ed.2d 405 (1962), on remand, 120 U.S. App.D.C. 259, 345 F.2d 748, cert. denied, 382 U.S. 836, 86 S.Ct. 82, 15 L.Ed.2d 79 (1965).

Our review of this record reveals that the Board's findings as to the unfair labor practices and lack of "good faith doubt" by the Company are supported by the record. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). As to the Union's insistence on the reinstatement of the ten excluded strikers and the Company's assertion that none of them were entitled to this relief, our review of the record satisfies us that the Board and Examiner made the requisite evaluation and comparison of the illegal actions and violent conduct on both sides of this heated controversy. Indeed, as the Board found, the Company did engage in conduct which transgressed the bounds of propriety and legality, but certain violent acts by individual strikers likewise rose above what the Union would characterize as "trivial rough incident[s] or a moment of animal exuberance." On balance, we are satisfied that the Board properly weighed the misconduct of both parties, *see Kohler, supra,* before determining that all but ten strikers were entitled to reinstatement. This determination, like most which involved formulating remedies to effectuate the purposes of the Act, was a matter particularly within the competence of the Board, and we find no basis for disturbing it on appeal. *See e. g.,* NLRB v. Strong, 393 U.S. 357, 89 S.Ct. 541, 21 L.Ed.2d 546 (1969); Franks Bros. v. NLRB, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020 (1944); Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941).

---

1. Local 883, UAW v. NLRB (Kohler Co.), 112 U.S.App.D.C. 107, 300 F.2d 699, cert. denied, 370 U.S. 911, 82 S.Ct. 1258, 8 L.Ed.2d 405 (1962), on remand, 120 U.S. App.D.C. 259, 345 F.2d 748, cert. denied, 382 U.S. 836, 86 S.Ct. 82, 15 L.Ed.2d 79 (1965); NLRB v. Thayer Co., 213 F.2d 748 (1st Cir.), cert. denied, 348 U.S. 883, 75 S.Ct. 123, 99 L.Ed. 694 (1954).

For the foregoing reasons and our consideration of the other points raised by the parties, the applications for review and modification are denied and the Board's application for enforcement of the Orders is granted.

So ordered.